UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 21-63-DLB-CJS-2

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

MICHAEL FLETCHER, M.D.                                                        DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

These matters are before the Court on Defendant Michael Fletcher's Motion to Sever (Doc. # 60), Motion to Dismiss Counts 2, 3, and 4 of the Second Superseding Indictment (Doc. # 67), and Motion to Dismiss the Indictment. (Doc. # 68). The United States having responded to all three motions (Docs. # 72, 73, and 74), no replies having been filed and the time for such filings having expired, the motions are now ripe for review. For the reasons herein, Defendant's motions are **denied**.

I.      ANALYSIS

    A.      Motion to Sever Counts 9-11

Fletcher argues that counts nine through eleven of the Second Superseding Indictment should be dismissed because they were improperly joined under Federal Rule of Criminal Procedure 8(a), and in the alternative, that their joinder creates a significant risk of irremediable prejudice under Rule 14(a) because they do not apply to him. (Doc. # 60). The United States maintains that the counts are properly joined under Rule 8(a) because they involve the same underlying conduct—improper prescribing practices by Fletcher's Co-Defendant, Doctor Hansen—as the other counts, and that Fletcher has not

1

alleged sufficient prejudice to require severance under Rule 14(a). (Doc. # 72). The counts at issue charge Fletcher's co-defendant, Hansen, with engaging in a scheme to secure controlled substances for his own personal use by prescribing them to his employees and then directing them to fill the prescriptions and return the drugs to him. (Doc. # 60 at 2). Fletcher argues that these counts do not implicate himself and should not be part of this trial. He further argues that even if joinder was proper, these counts prejudice Fletcher by tempting the jury to blur the distinctions between the two defendants and wrongly ascribe some of Hansen's alleged culpability to Fletcher. (*Id*. at 4). The Court disagrees, finding that the counts are properly included in the Second Superseding Indictment under Rule 8(a) and do not unduly prejudice Fletcher under Rule 14(a).

Federal Rule of Criminal Procedure 8(a) allows for the joinder of counts in criminal indictments if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Because Rule 14(a) serves as a backstop to protect defendants from prejudicial joinder, Rule 8(a) is liberally "construed in favor of initial joinder." *United States v. Franks*, 511 F.2d 25, 28 (6th Cir. 1975); *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987). "In the decision of whether to join, the predominant consideration is whether joinder would serve the goals of trial economy and convenience." *Swift*, 809 F.2d at 322 (quotations omitted). Counts that "are logically interrelated and involve overlapping proof" are therefore properly joined. *Id*.

Charges that pass the Rule 8 standard for joinder may nevertheless be severed if either party can prove that such joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The district court may then "order separate trials

2

of counts, sever the defendants' trials, or provide any other relief that justice requires." *Id*. In practice, the moving party's burden is heavy. It is not enough to show some hypothetical prejudice. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Instead, the defendant must demonstrate that there exists "a *serious risk* that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539 (emphasis added). The prejudice must be so fundamental that remedial measures such as limiting instructions will not suffice to cure it. *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008). "Thus, to prevail on his severance argument, [the defendant] must show compelling, specific, and actual prejudice." *Id*. (quotations omitted).

Counts 9-11 of the indictment are properly joined under Rule 8(a) because they involve the unlawful prescription and distribution of controlled substances, just like the other counts against Hansen in the indictment. Overall, the indictment against Hansen and Fletcher alleges that they engaged in a scheme to unlawfully prescribe controlled substances that were not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. (Doc. # 43). As the United States points out in its response brief, counts 1-8 allege that Hansen and Fletcher conspired "to unlawfully prescribe controlled substances" to other individuals. (Doc. # 72 at 3). Counts 9-11 involve allegedly unlawful prescribing by Hansen for his own use. (*Id*.). Therefore, in counts 1-11 "a common defendant (Hansen) is alleged to have misused his prescribing authority at the same location at the same approximate time." (*Id*.). In other words, Hansen is accused of the same crime in all counts; it does not matter that in counts 9-11 he himself was the recipient of the allegedly unlawful drugs.

3

The underlying unauthorized distribution charge is identical, regardless of who received the drugs.

Fletcher argues that because counts 9-11 do not apply to him, they should not be tried alongside the others that do implicate him. (Doc. # 60 at 3-4). This argument touches on section (b) of Rule 8. But Rule 8(b) unequivocally states that "defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). This effectively ends the argument. Joinder is proper if "each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982). Such is the case here, where all counts of the indictment collectively allege a scheme to illegally distribute controlled substances. The fact that three of these distribution counts do not involve Fletcher does not change the fact that they are part of the same "series of acts or transactions" as the other counts. *Id*. "All defendants need not be charged in each count." Fed. R. Crim. P. 8(b); *see, e.g.*, *United States v. Siefert, M.D., et al.*, No. 2:21-cr-2-DLB-CJS (E.D. Ky. May 12, 2022) ECF No. 58 (charging both defendants on some counts and individual defendants on others).

Additionally, there is little risk of unfair prejudice to Fletcher from these counts being included in a joint trial. As discussed above, Fletcher's burden under Rule 14 is heavy. He must show a "serious risk" that a "specific trial right" will be compromised or that the jury will be prevented "from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 538-39. In other words, he must show, "compelling, specific, and actual prejudice." *Driver*, 535 F.3d at 427.

Fletcher has failed to allege prejudice with sufficient specificity here. He only vaguely warns that a jury could perceive Hansen's possible guilt on these counts as incriminating Fletcher in some way. (Doc. # 60 at 3-4). He does not explain how. The majority of his filing is spent emphasizing that he is not indicted on counts 9-11 and that the Court has significant discretion to provide a remedy. (*Id.*). Both assertions are true, but not relevant to the question: showing "compelling, specific, and actual prejudice." *Driver*, 535 F.3d at 427. As the United States showed, these kinds of "spillover prejudice" arguments are regularly rejected by courts. (Doc. # 72 at 8-9) (collecting cases).

Any hypothetical prejudice that could develop at trial can easily be cured by a jury instruction which instructs the jury that guilt or innocence is individual, and the possible guilt of one defendant has no bearing on the possible guilt of the other defendant. "Juries are presumed to follow their instructions," and in the absence of any showing of prejudice that may overpower their judgment, the Court will continue to abide by that presumption. *United States v. Cunningham*, 679 F.3d 355, 383 (6th Cir. 2012) (quotations omitted). Therefore, for all of these reasons, Fletcher's motion to sever (Doc. # 60) will be **denied**.

### B.     Motion to Dismiss Counts 2-4

Next, Fletcher argues that counts 2-4 of the Second Superseding Indictment should be dismissed because they are barred by the five-year statute of limitations imposed by 18 U.S.C. § 3282. (Doc. # 74 at 1). In response, the United States brings forward two documents—signed by Fletcher—tolling the statute of limitations. (Doc. # 74). Fletcher argues that these documents are insufficient because in signing them he "reasonably believed" that he was not the target of the investigation and would not be indicted. (Doc. # 67 at 3-4). The United States argues that Fletcher's subjective belief is

irrelevant, and in the alternative, not reasonable given the language of the Department of Justice ("DoJ") target letter and the agreements themselves. (Doc. # 74). The Court finds that the agreements—signed by Fletcher—tolling the statute of limitations, were effective to do so. Any subjective belief that Fletcher had about the results of this investigation was unjustified and irrelevant to the interpretation of the agreements.

Statutes of limitations in criminal cases are non-jurisdictional and may be waived by explicit written agreement of the parties. *United States v. Del Percio*, 870 F.2d 1090, 1093 (6th Cir. 1989) (collecting cases from other circuits). "Tolling agreements are contracts and thus should be interpreted like any other contract." *United States v. Brattain*, 2019 WL 197330, at * 2 (E.D. Mich. Jan. 14, 2019) (collecting cases). Accordingly, "[i]f the parties' intent can be gleaned from the plain terms of the agreement, the court looks no further. However, if an ambiguity exists—that is, if the contract language is susceptible to more than one interpretation—the court may look to extrinsic evidence or the facts surrounding the agreement to determine the parties' intent." *Id*.

Fletcher signed two tolling agreements: one on May 24, 2021 which tolled the statute until October 1, 2021, and another on September 9, 2021 which tolled the statute until December 1, 2021. (*See* Docs. # 67-2 and 67-3). The original indictment against Fletcher was filed on November 18, 2021, within the deadline provided for by the second tolling agreement. *See United States v. Fletcher*, 2:21-cr-64-DLB-CJS (E.D. Ky. Nov. 18, 2021) ECF No. 1. Fletcher attempts to get around this timeliness problem by arguing that he "reasonably believed that by signing the first and second [tolling agreements] he would not be indicted." (Doc. # 67 at 3).

6

It is nearly impossible to read the tolling agreements and the DOJ target letter in such a way as to create an ambiguity in their interpretation. The tolling agreements, included as attachments to Fletcher's Motion, clearly explain that Fletcher is agreeing to toll the statute of limitations in a criminal investigation of his own conduct. (*See* Docs. # 67-2 and 67-3). The agreements both begin with language stating—in the first person—that "*I am under investigation* by the United States for suspected violations of 21 U.S.C. §§ 841 and 846," that Fletcher agrees to extend the deadline "for charging *me* with violations," and also "waive[s] all defenses relating to the statute of *limitations if charges are brought against me*." (*Id.*) (emphasis added). In fact, when the original indictment was filed on November 18, 2021, Fletcher initially filed a motion to dismiss the indictment on statute of limitations grounds, but then withdrew it precisely because of these signed tolling agreements. *United States v. Fletcher*, 2:21-cr-64-DLB-CJS (E.D. Ky. 2021) (Docs. # 1, 14 & 15)  As the United States points out, Fletcher makes no attempt to reconcile his previous motion to withdraw with the current motion. (Doc. # 74 at 3).

The language of the DOJ target letter is similarly unambiguous, stating that its purpose is "to inform you that you are the target of an investigation." (Doc. # 74-1 at 1). It also assures Fletcher that "[n]o charges have been filed against you at the present time." (*Id.*).  It informs Fletcher that the usual way to handle such a target letter is to proceed to trial or plead guilty to an information, and that if he opts for the former route, "[y]ou would then be brought before the Court, which would set a trial date," but if he opts for the latter route, "we must negotiate a written plea agreement with an attorney representing you." (*Id.*).  It then tells Fletcher that, if he desires to negotiate a plea, he "must hire an attorney to represent [himself]." (*Id.*).  It is difficult to comprehend how

7

Fletcher read such a letter, with its clear and persistent direction at himself, and concluded that he "was not the actual target of the investigation." (Doc. # 67 at 3). Even if he read this target letter correctly—as an announcement by the DOJ that they were investigating him for alleged criminal violations—it is unreasonable to then read the two tolling agreements as terminating that investigation, either explicitly or implicitly.

To the extent that Fletcher blames this misunderstanding on the representations of counsel, the signed statements of himself and his attorneys severely undermine that theory. Fletcher, in both tolling agreements, signed a statement that he had discussed the agreement with his attorney and "fully underst[ood] the consequences of this extension and waiver." (Docs. # 67-2 and 67-3). His attorney also signed, stating that he had "fully explained" Fletcher's rights, "carefully reviewed" the entirety of the agreement with him, and believed that Fletcher's assent was "informed and voluntary." (*Id*.). Therefore, for all of these reasons, the motion to dismiss counts 2-4 of the Second Superseding Indictment will be **denied**.

      **C.**      **Motion to Dismiss the Indictment Pursuant to *Ruan v. United States***

Finally, Fletcher argues that the United States Supreme Court's decision in *Ruan v. United States*, 142 S. Ct. 2370 (2022) requires that the Court dismiss the indictment in its entirety. (Doc. # 68). Specifically, he argues that the indictment is faulty because it does not allege that he "dispensed or prescribed a controlled substance knowing or intending that the prescription be outside of his authorization." (*Id*. at 4). The United States responds by pointing out that *Ruan* requires the United States to prove that the violation of the statute was knowing or intentional at trial, not at the indictment stage. (Doc. # 73). The Court agrees that the indictment is sound.

8

Fletcher is charged with violating the Controlled Substances Act ("CSA"). The CSA prohibits the knowing or intentional distribution of drugs in an unauthorized manner. 21 U.S.C. § 841(a)(1). An authorized distribution is one "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). In *Ruan v. United States*, the United States Supreme Court held that the knowing or intentional *mens rea* requirement applies to both aspects of the distribution. 142 S. Ct. at 2374. In other words, the "'knowingly or intentionally' *mens rea* applies to the 'except as authorized' clause" in addition to the distribution clause, meaning "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id*. at 2382. But "the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." *Id*. at 2379. Instead, lack of authorization must be proven at trial.

The Federal Rules require that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Hudson*, 491 F.3d 590, 592-93 (6th Cir. 2007). Therefore, if an indictment does not meet these requirements, it is insufficient and can be dismissed.

As an initial matter, Fletcher correctly interprets *Ruan* to hold that "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled

9

substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." 142 S. Ct. at 2374. But *Ruan* is a case about the government's burden of proof at trial, not the requirements of a valid indictment under Rule 7. *See id.* at 2382 (discussing how the United States may rely on circumstantial evidence to prove a lack of authorization). In fact, the Supreme Court explicitly stated that "in a prosecution under the Controlled Substances Act, the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." *Id.* at 2379. "[T]he Government need not set forth in an indictment a lack of authorization, or otherwise allege that a defendant does not fall within the many exceptions and exemptions that the [CSA] contains." *Id.* at 2379-80. If the United States need not reference Fletcher's lack of authorization in an indictment, then it logically follows that the United States is also not required to allege the associated *mens rea*—that he knowingly and intentionally acted in an unauthorized manner. Therefore, the United States is not required to specifically allege here that Fletcher knew or intended that his prescriptions were unauthorized.[1]

Even if the United States was required to specifically allege the *mens rea* standard on all elements of the statute, they did so. In Count 1 of the indictment, the United States

---

[1] This Court arrived at the same conclusion on the same issue in a different case. *United States v. Siefert*, No. 2:21-cr-2-DLB-CJS (E.D. Ky. Sept 13, 2022) ECF. No. 157 at 91 ("Although the recent Supreme Court decision in *Ruan* may have clarified what must be proven to establish a violation of the Controlled Substances Act, it did not alter what must be alleged in an indictment so that it is sufficient to put the defendants on notice of the charges they are facing.").

10

alleges that Fletcher:

> did knowingly and intentionally conspire and agree with others, known and unknown to the Grand Jury, to knowingly and intentionally distribute and dispense controlled substances pursuant to prescriptions that were not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice quantities of controlled substances, including Schedule II controlled substances, in violation of 21 U.S.C. § 841 (a)(1), all in violation of 21 U.S.C. § 846.

(Doc. # 43 at 3). Here, the language clearly alleges the necessary *mens rea* in reference to the alleged lack of authorization. But counts 2-8 change the language slightly, alleging that Fletcher:

> did knowingly and intentionally distribute and dispense controlled substances pursuant to prescriptions that were not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

(*Id*. at 4). The Court presumes that it is this language that Fletcher takes issue with, arguing that "knowingly and intentionally" only applies to "dispense" and not to the other elements of the crime.

Unfortunately for Fletcher, this argument fails because the *Ruan* Court expressly rejected this reading of the statute. *See Ruan*, 142 S. Ct. at 2378-79 (discussing the Court's history of reading *mens rea* requirements to apply to the entire statute). After examining a number of its earlier precedents, the Court held that the *mens rea* standard applied to the entire statute, even the "except as authorized" clause that "does not immediately follow the scienter provision." *Id*. at 2379. Applying that rule to Fletcher's indictment, this Court must conclude that the phrase "knowingly and intentionally" applies both to his alleged distribution and dispensing and to his alleged knowledge that this

11

prescription was unauthorized by law.[2]

Alternatively, if the United States was required to allege a lack of authorization and failed, dismissal would still be inappropriate. Even if language in the indictment is "somewhat imprecise, this does not render [the indictment] insufficient," if it sets "forth the critical details of the offense charged." *United States v. Edington*, 526 F. App'x 584, 588 (6th Cir. 2013) (citing *United States v. Lentsch*, 369 F.3d 948, 953 (6th Cir. 2004); *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992) (holding that an indictment that omitted the *mens rea* element was sufficient because it cited the applicable statutes, which informed the defendant of the elements of the charged offense). At the end of the day, an indictment serves to provide a defendant with notice as to the crime alleged, its elements, and sufficient facts underlying the allegations, so a defense is possible. *See Hudson*, 491 F.3d at 592-93.

*Ruan* requires that the United States prove at trial that Fletcher knowingly or intentionally violated the CSA. It does not impose any additional requirements for indictments. Because the indictment adequately alleges the elements of the crime charged, it is sufficient and Fletcher's motion to dismiss the indictment will be **denied**.

## II. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant's Motion to Sever (Doc. # 60) is **DENIED;**

(2) Defendant's Motion to Dismiss Counts 2, 3, and 4 of the Second

---

[2] At least two other judges in this district have reached the same conclusion. *See United States v. Stanton*, No. 6:21-cr-19-REW (E.D. Ky. Aug. 17, 2022) ECF No. 208; *United States v. Taylor*, No. 6:21-CR-13-GFVT-HAI, 2022 WL 4227510, at *5 (E.D. Ky. Sept. 13, 2022).

Superseding Indictment (Doc. # 67) is **DENIED**; and

 (3) Defendant's Motion to Dismiss the Indictment (Doc. # 68) is **DENIED**.

This 20th day of June, 2023.



K:\DATA\ORDERS\Covington Criminal\2021\21-63 Order on Sever and MTDs.docx